**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2018 KA 0746R

STATE OF LOUISIANA

VERSUS

JACE CREHAN

Judgment Rendered:    JUL 0 9 2020

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 09-15-0123

The Honorable Anthony J. Marabella, Jr., Judge Presiding

* * * * *

| | |
|---|---|
| Hillar Moore, III<br>District Attorney<br>Allison Miller Rutzen<br>Assistant District Attorney<br>Baton Rouge, Louisiana | Attorneys for Appellee<br>State of Louisiana |
| | |
| Bruce G. Whittaker<br>New Orleans, Louisiana | Attorney for Appellant<br>Jace Crehan |

* * * * *

BEFORE:   GUIDRY, THERIOT, AND PENZATO, JJ.

**PENZATO, J.**

Defendant, Jace Crehan, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1. He pled not guilty. After a trial by jury, defendant was found guilty as charged by eleven of twelve jurors. Defendant filed a motion for new trial, which was denied by the trial court. Immediately following the denial, the trial court imposed a term of life imprisonment at hard labor, to be served without the benefit of probation, parole, or suspension of sentence. This court denied defendant's appeal. *State v. Crehan*, 2018-0746 (La. App. 1st Cir. 11/5/18), 2018 WL 5785479 (unpublished). The Louisiana Supreme Court denied writs. *State v. Crehan*, 2018-2024 (La. 4/15/19), 267 So.3d 1124.

Defendant filed a writ of certiorari in the United States Supreme Court, which was granted. This court's judgment was vacated and the case was remanded to this court for further proceedings consistent with the Court's ruling in *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). *Crehan v. Louisiana*, ___ U.S. ___, ___ S.Ct. ___, 2020 WL 1978930. Justice Alito, concurring in the Court's decision to vacate and remand the instant case, did so "on the understanding that the Court is not deciding or expressing a view on whether the question was properly raised below but is instead leaving that question to be decided on remand." *Id.* Here, defendant filed a motion for new trial in which he claimed, among other things, Louisiana's non-unanimous jury verdict provisions are unconstitutional,[1] and he also assigned his conviction by a non-unanimous jury verdict as error on appeal.

---

[1] Further, we note that the Louisiana Supreme Court recently remanded several cases to this court in which defendants were convicted by a non-unanimous jury verdict, wherein the court ordered this court to conduct an error patent review pursuant to La. Code Crim. P. art 920(2), even when the issue was not preserved for review. *See e.g.*, *State v. Cagler*, 2018-02015 (La. 6/3/20), ___ So.3d ___, 2020 WL 3423802 (per curiam).

2

In the recent decision of *Ramos*, the United States Supreme Court overruled *Apodaca v. Oregon*[2] and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. *Ramos*, 140 S.Ct. at 1397. The *Ramos* Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. *Ramos*, 140 S.Ct. at 1406.

Accordingly, defendant's conviction and sentence are set aside, and the case is remanded for a new trial.

**CONVICTION AND SENTENCE SET ASIDE; REMANDED FOR NEW TRIAL**

---

[2] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). *Johnson v. Louisiana*, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with *Apodaca*, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.